**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30199 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00373-HA-1 |
| v. | |
| GEORGE KARADIMOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted July 12, 2012
Portland, Oregon

Before: GOODWIN, PREGERSON, and CHRISTEN, Circuit Judges.

George Karadimos appeals the 18-month sentence imposed following his

guilty-plea conviction for criminal infringement of a copyright, in violation of 17

U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(a) and (b)(1). We have jurisdiction

under 28 U.S.C. § 1291, and we vacate and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We grant the government's Motion to Supplement the Record on Appeal pursuant to Federal Rule of Appellate Procedure 10(e). Though the discovery the government seeks to submit on appeal was not filed with the district court, remanding for the district court to review it in the first instance would be contrary to the interests of justice and the efficient use of judicial resources. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (recognizing this court's inherent authority to supplement record in extraordinary cases). The record shows the discovery was served on defense counsel on November 18, 2009, and we discern no prejudice to considering it on appeal.

Turning to the merits, Karadimos argues on appeal that the district court erroneously calculated the infringement amount under U.S.S.G. § 2B5.3, cmt. n.2(A) because the government failed to prove the retail value of the infringed (copyrighted) items by clear and convincing evidence. Prior to the sentencing hearing, the probation officer recommended an infringement amount of $975,000, relying on a report generated by the Business Software Alliance ("BSA"), an industry trade group, that provided the manufacturer's suggested retail prices ("MSRP") for a portion of the software titles seized from Karadimos's home. The government, also relying on the BSA report, recommended an infringement amount of $1,750,000. The district court did not use either calculation and found

2

the infringement amount was $127,712 without explanation. The amount adopted by the district court appears to be the MSRP for one copy each of the 131 titles seized in Karadimos's home that are marketed by members of the BSA.

We conclude that the government's proffer of the manufacturer's suggested retail price did not demonstrate by clear and convincing evidence the retail value of the infringed software items *in the market in which they were sold*. U.S.S.G. § 2B5.3, cmt. n.2(C). The parties agreed that the Internet was the correct market. Because neither the government nor Karadimos provided evidence of the retail price for the software titles sold over the Internet during the relevant time period, the district court's determination of the infringement amount was erroneous. We vacate the district court's sentence and remand for a new sentencing hearing. *See United States v. Bao*, 189 F.3d 860, 867–68 (9th Cir. 1999) (remanding based on district court's erroneous calculation of retail value).

In light of our disposition, we do not address Karadimos's additional arguments raised on appeal. This panel retains jurisdiction over any future appeals.

**VACATED and REMANDED.**

FILED

SEP 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PREGERSON, Circuit Judge, concurring:

I concur in the memorandum disposition, but write separately to address Karadimos's eighteen-month sentence for non-violent copyright infringement. There is no evidence in the record that copyright owners suffered any actual pecuniary harm. The record discloses Karadimos's extraordinary family circumstances and other mitigating factors, some of which the district court considered. Karadimos has accepted responsibility for his misdeeds. He pled guilty to the single count of copyright infringement. He was released on his own recognizance on the date he was indicted. He has not committed any further offenses.

Karadimos's daughter, born after Karadimos's copyright infringement ended, was abandoned by her mother shortly after her birth. Since then, Karadimos has been the sole caretaker of his daughter and has dedicated his life to raising her. I cannot see how society will benefit from putting Karadimos in prison for eighteen months and depriving his young daughter of her loving father's care.